IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DANIELLE LYNN PEDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-01046-Y-BL |
| | § | |
| | § | |
| SYLVIA MATHEWS BURWELL, | § | |
| Secretary of Health, Education, and | § | |
| Welfare of the United States | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

This action was filed in December of 2014 with the filing of a complaint against the Secretary of Health, Education, and Welfare, but the Secretary was never served as required by Federal Rule of Civil Procedure 4 and Pederson never paid filing fees or filed the required forms to proceed *in forma pauperis*. (Doc. 5). On June 30, 2016, Pederson was ordered to either file a valid return of service or show good cause in writing why service could not be made by August 1, 2016, and to pay a filing fee or submit an AO 239 form to proceed *in forma pauperis*. (Doc. 5). Pederson has not served the Commissioner or given any cause why service could not be made, and has not paid the filing fee or submitted form AO 239. Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Pederson has already failed to comply with an order that service be made within a specified time, and has not paid the filing fee, and so this Court **RECOMMENDS** that this case be

**DISMISSED without prejudice.**

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docked of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated August _8_, 2016.

                                                                                         _____
                                                                                         E. SCOTT FROST
                                                                                         **UNITED STATES MAGISTRATE JUDGE**

2